FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YINGJI PIAO, | No. 10-72870 |
| Petitioner, | Agency No. A097-866-274 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 11, 2014[**]
Pasadena, California

Before: SILVERMAN, TALLMAN, and RAWLINSON, Circuit Judges.

Yingji Piao, a native and citizen China, petitions for review of the Board of

Immigration Appeals' order dismissing her appeal from an immigration judge's

decision denying her applications for asylum, withholding of removal, and

protection under the Convention Against Torture. We have jurisdiction under 8

U.S .C. § 1252 and review the agency's factual findings for substantial evidence.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Zehatye v. Gonzales*, 453 F.3d 1182, 1184–85 (9th Cir. 2006). We deny the petition for review.

Piao testified she was arrested at a train station after trying to assist a North Korean refugee (her husband's distant relative). Piao was detained for five days, during which time she was denied food and water for one 24-hour period, interrogated once for 20 minutes, hit on the shoulder for a few minutes with an electric baton that was "probably" on, and kicked in the stomach twice. Piao testified, however, that she did not suffer any serious injuries as a result of this detainment. She was never detained again, but after her detainment the police did visit her house every other day (five times total) demanding to know if she knew the whereabouts of any other North Koreans.

Substantial evidence supports the BIA's determination that Piao's experience does not rise to the level of persecution. *See Gu v. Gonzales*, 454 F.3d 1014, 1017–21 (9th Cir. 2006) (no past persecution where petitioner was arrested and detained for three days, interrogated, beaten with a rod, and required to report to the police). Thus, Piao is not entitled to a presumption of a well-founded fear of future persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003). Substantial evidence also supports the BIA's determination that Piao failed to establish a well-founded fear of future persecution. *See id.* (fear of future harm too

speculative); *Gu*, 454 F.3d at 1022 (petitioner failed "to present compelling, objective evidence demonstrating a well-founded fear of persecution").

Because Piao has not established eligibility for asylum, she necessarily cannot meet the more stringent standard for withholding of removal, which imposes a heavier burden of proof. *See Zehatye*, 453 F.3d at 1190. Similarly, substantial evidence supports the BIA's determination that Piao failed to establish eligibility for CAT relief. *See* 8 C.F.R. § 1208.16(c).

The petition for review is **DENIED**.